**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Van E. Flury, | No. CV-19-05606-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Don Bremmer, *et al.*, | |
| Defendants. | |

At issue is Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1) and Rule 12(b)(6), F.R.C.P. (Doc. 7), to which Plaintiff filed a Response (Doc. 15) and Defendants filed a Reply (Doc. 19). Defendants also filed a Motion for Sanctions Pursuant to Rule 11 and A.R.S. § 12-349 (Doc. 13). In conjunction with his Response to Defendants' Motion to Dismiss, Plaintiff filed a Rule 56(d) Motion for leave to conduct discovery (Doc. 16). After Defendants filed their Motion to Dismiss, Plaintiff filed a First Amended Complaint ("FAC") (Doc. 12). After Defendants filed the Reply to their Motion to Dismiss, which also addressed Plaintiff's FAC, Plaintiff filed a Motion to File Second Amended Complaint ("SAC") (Doc. 21), to which Defendants filed a Response entitled "Opposition to Plaintiff's Motion to File Second Amended Complaint, Request for Expedited Disposition, and Supplement to Sanction Request" (Doc. 22), Plaintiff filed a Reply (Doc. 23), Defendants filed a Supplemental Response (Doc. 24), and Plaintiff filed a Supplemental Reply (Doc. 25). The Court will resolve all these matters without oral argument. *See* LRCiv 7.2(f).

## I.      BACKGROUND

In the Complaint (Doc. 1, Compl.), Plaintiff Van E. Fury, who proceeds *pro se* in this matter, alleges he has been a commercial tenant of Defendants Don Bremmer and Ruth E. Davies, d/b/a Sun City Professional Building, from 2009 to the present, paying $478 per month in rent. (Compl. ¶¶ 3, 6.) From Suite 111 of Defendants' building, Plaintiff runs a used car dealership called Consolidated Motors. Since 2009, Plaintiff "has displayed his used car inventory for sale, totaling no more than 8–12 vehicles at any one time, . . . along the front north side" of Defendants' building. (Compl. ¶ 5.)

Plaintiff invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332 to bring this action. (Compl. ¶ 1.) Plaintiff's claim against Defendants, who are California residents, is for what he calls "anticipated repudiation." (Compl. ¶ 7.) Specifically, Plaintiff "anticipates the defendants . . . will repudiate the 'implied lease contract' they have had and continue to have with the plaintiff pursuant to his uninterrupted tenancy and doing business as a licensed retail used car dealer." (Compl. ¶ 7.) As a result of "these anticipated actions by the defendants," Plaintiff claims he will suffer "loss of business and income" and will "not be able to replace his business elsewhere," resulting in $50,000 of "actual damages" and $50,000 of "general compensatory damages." (Compl. ¶¶ 8–9.)

Defendants move to dismiss the Complaint for lack of subject matter jurisdiction. (Doc. 7.) They also contend that Plaintiff's claim fails as a matter of law because an implied lease contract, as Plaintiff alleges the parties have, violates Arizona's application of the Statute of Frauds, and the claim is contrary to a 2019 written lease agreement governing the relationship between the parties, which Plaintiff did not include in the Complaint. (Doc. 7.) Defendants state that, a week before Plaintiff filed this lawsuit, they sent him a letter notifying him he is in breach of the lease agreement and warning him they may pursue a forcible detainer remedy. (Doc. 7.) After Defendants raised these issues, Plaintiff filed the FAC to recharacterize the contract between the parties as simply an "implied contract" instead of an "implied lease contract" and to state that Defendants did indeed send him a

warning of eviction and notification of breach, albeit of what Plaintiff calls the "implied contract," not a written lease agreement. (Doc. 12.)

In the Reply to their Motion to Dismiss, Defendants argue that Plaintiff's amendments in the FAC do nothing to cure the defects Defendants identified in their Motion. (Doc. 19.) Plaintiff then filed a Motion to Amend (Doc. 21), in which he proposes a SAC to add details regarding the zoning of the commercial space he leases from Defendants and an allegation that no written instrument restricts the number of used cars he can display on the premises. (Doc. 21 Ex. A, Proposed SAC.)  Plaintiff also proposes to recharacterize the agreement between the parties as an "implied-in-fact, and implied in law (ongoing) contract" and specify that the "general compensatory damages" he is seeking are "for the irreparable harm plaintiff will suffer" if evicted. (Proposed SAC.)

Before the Court, then, are Defendants' Motion to Dismiss (Doc. 7) and Plaintiff's Motion to Amend (Doc. 21), as well as a Motion for Sanctions from Defendants (Doc. 13) and a Rule 56(d) request to conduct discovery from Plaintiff (Doc. 16).

## II.    ANALYSIS

### A.    Defendants' Motion to Dismiss Under Rules 12(b)(1) and 12(b)(6)

Defendants move to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6). (Doc. 7.) In resolving this Motion, the Court will consider Plaintiff's allegations in the Complaint and FAC as well as his proposed allegations in the SAC.

Defendants' Rule 12(b)(1) attack challenges the Court's subject matter jurisdiction by arguing that, to a legal certainty, Plaintiff's damages for his claim of anticipated repudiation (Compl.) or anticipated eviction (FAC, Proposed SAC) are less than $75,000, which is below the threshold for diversity jurisdiction. Federal courts only have jurisdiction over a limited number of cases, and those cases typically involve either a controversy between citizens of different states ("diversity jurisdiction") or a question of federal law ("federal question jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. The Supreme Court has stated that a federal court must not disregard or evade the limits on its subject matter

- 3 -

jurisdiction. *Owen Equip. & Erections Co. v. Kroger*, 437 U.S. 365, 374 (1978). Moreover, "because it involves a court's power to hear a case," subject matter jurisdiction "can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002).

Plaintiff alleges the Court has diversity jurisdiction over this matter, which exists in actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). When assessing whether a plaintiff has met the amount in controversy requirement, the alleged damages must be taken from the face of the complaint. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Only if, "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed," may the Court dismiss an action for lack of subject matter jurisdiction. *Id.*

Defendants also move to dismiss Plaintiff's claim under Rule 12(b)(6), which is designed to "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must provide more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations [] it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

When analyzing a complaint under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

In their Motion, Defendants contend the Court must dismiss Plaintiff's claim by arguing: (1) the claim fails as a matter of law because an implied lease contract, as Plaintiff alleges the parties have, violates Arizona's application of the Statute of Frauds; (2) the claim fails under the 2019 written lease agreement governing the relationship between the parties—which Plaintiff did not include in the Complaint—and, a week before Plaintiff filed this lawsuit, Defendants sent Plaintiff a letter notifying him he is in breach of the lease agreement and warning him they may pursue a forcible detainer remedy; and (3) even if he has stated a meritorious claim, Plaintiff's damages are, to a legal certainty, less than $75,000, which is below the threshold for diversity jurisdiction. (Doc. 7.)

The Court would agree with Defendants that a claim premised on Plaintiff's allegation that he has an implied agreement, not in writing, for the lease of property from Defendants—regardless of what Plaintiff calls the agreement in the Complaint, FAC, or SAC—runs up against Arizona's application of the Statute of Frauds in A.R.S. § 44-101, which prohibits an action on such an agreement. The Court would also agree with Defendants that Plaintiff's claim is contrary to the terms of the 2019 written lease agreement Plaintiff and Defendants apparently entered into, although so concluding would require the Court to take judicial notice of the agreement, which Plaintiff did not include in any version of the Complaint.

But more fundamentally, the Court agrees that subject matter jurisdiction is lacking here. As a question of whether Plaintiff has met the damages threshold of $75,000 for the purpose of diversity jurisdiction, the fatal flaw in Plaintiff's complaints (all three versions) is that they seek *anticipated* damages for an action Plaintiff fears Defendants will take,

namely, pursuing forcible detainer and evicting Plaintiff. But that has not happened, and the damages Plaintiff seeks resulting from a potential future eviction are nothing more than hypothetical and conjectural. Put another way, Plaintiff lacks standing to bring a claim to recover damages resulting from an allegedly improper eviction that has not occurred yet. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (stating that, for a plaintiff to have Article III standing to bring a claim in federal court, a plaintiff must have suffered an "injury in fact" which is "actual or imminent, not conjectural or hypothetical").[1] What Plaintiff has alleged—that he received a notice of breach of the lease agreement from Defendants—does not, to a legal certainty, give rise to the damages Plaintiff seeks— $50,000 of "actual damages" and $50,000 of "general compensatory damages"—or even to $75,000, as required for the Court to have diversity jurisdiction over this matter. *See Mercury Indem. Co*, 303 U.S. at 289. As a result, the Court must dismiss Plaintiff's claim for lack of subject matter jurisdiction.[2]

### B.    Plaintiff's Motions

In response to Defendants' citation to extrinsic materials, Plaintiff requested discovery under Federal Rule of Civil Procedure 56(d). (Doc. 16.) That Rule allows a party responding to a summary judgment motion to request discovery when the party cannot yet "present facts essential to its opposition." But Rule 56(d) relief is not available if the Court does not consider Defendant's Motion to Dismiss as one for summary judgment. Here, the

---

[1] Put yet another way, a claim for damages resulting from an improper eviction is not yet ripe. "Two components of the Article III case or controversy requirement are standing and ripeness." *Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009). "Standing and ripeness under Article III are closely related. For a suit to be ripe within the meaning of Article III, it must present concrete legal issues, presented in actual cases, not abstractions." *Id.* at 1123 (internal citations and quotations omitted). In many cases, the constitutional component of the ripeness inquiry coincides with standing's injury-in-fact requirement. *Id.*

[2] Using extrinsic evidence such as Plaintiff's statement to the bankruptcy court that his annual income is only $25,000, Defendants also argue that even if Plaintiff were evicted from the $478-per-month rental property, his damages would not approach the amounts he alleges. While the Court sees merit in much of what Defendants contend and the Court may be able to take judicial notice of certain documents, such as the bankruptcy court record, the Court need not go further than to conclude that Plaintiff's claimed damages are too speculative and conjectural to credit and thus are, to a legal certainty, insufficient.

Court neither construed Defendant's Motion as one for summary judgment under Rule 56 nor considered non-judicially-noticed extrinsic evidence to resolve the Motion. The Court will thus deny Plaintiff's Rule 56(d) request (Doc. 16).

Because the Court will dismiss this lawsuit for lack of subject matter jurisdiction and none of Plaintiff's proposed new allegations in the SAC change that conclusion, the Court will also deny Plaintiff's Motion to Amend (Doc. 21).

### C.    Defendants' Motion for Sanctions

After Plaintiff filed his first Complaint, Defendants filed a Motion for Sanctions under Federal Rule of Civil Procedure 11 and A.R.S. § 12-349, asking the Court to award them damages because Plaintiff's claim was not supported by law. (Doc. 13.) Plaintiff did not respond to the Motion, other than by filing amended Complaints. Defendants supplemented their request for sanctions in the Response (Doc. 22) to Plaintiff's Motion to Amend, arguing that instead of withdrawing his defective Complaint, he filed two more defective pleadings, the FAC and proposed SAC, which according to the supplement "continued to pummel Defendants with one misplaced allegation after another" (Doc. 22 at 6). Defendants also point out that in 2015, a state court judge designated Plaintiff a Vexatious Litigant pursuant to A.R.S. § 12-3201 under what Defendants describe as similar circumstances. The Presiding Judge of the Maricopa County Superior Court declined to impose pre-filing or other restrictions on Plaintiff, however. (Doc. 22 at 6; Doc. 22-3.) Defendants also state that from 2007 to 2015, Plaintiff filed 28 cases in state court and 15 cases in federal court, and from 2002 to 2015, Plaintiff filed 53 lawsuits in bankruptcy court. Defendants argue that Plaintiff "must be sanctioned by this Court in an effort to terminate such behavior." (Doc. 22 at 6.)

Restricting the analysis to Rule 11 and A.R.S. § 12-349, as initially requested by Defendants, Rule 11 provides that a person who signs a complaint "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing

existing law or for establishing new law." Rule 11 also provides that the court may impose an appropriate sanction against an attorney who violates the Rule. In examining a complaint under Rule 11, the court must determine "(1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (internal quotation omitted). "As a shorthand for this test, [courts] use the word 'frivolous' to denote a filing that is *both* baseless *and* made without a reasonable and competent inquiry." *Id.* (internal quotation omitted). Similarly, A.R.S. § 12-349 directs a court to assess damages if a party brings a claim "without substantial justification" or "solely or primarily for delay or harassment."

Defendants argue that Plaintiff's complaints are frivolous for the same reasons they sought dismissal of Plaintiff's claim, namely, that Plaintiff's allegations going to the amount in controversy are inaccurate and inappropriate and that Plaintiff's claim lacks legal merit under Arizona law. To begin with, while *pro se* plaintiffs are required to follow the same rules as admitted attorneys, the Court does take into consideration that Plaintiff is not an attorney. The Court does not find evidence that Plaintiff intended to delay or harass by bringing his claim. According to Plaintiff's allegations, Plaintiff believes he had an agreement for the use of property over a 10-year period that he no longer has, and while his claim demonstrates a misunderstanding of certain areas of the law, the claim is not entirely frivolous. While the Court is sympathetic with Defendants that they were required to expend resources to defend against Plaintiff's claim, the Court does not find that, in this instance, Plaintiff's claim or the associated allegations rise to the level of frivolousness warranting the entry of sanctions under either Rule 11 or A.R.S. § 12-349—nor do the cases Defendants cited in their briefs convince the Court otherwise. The Court will therefore deny Defendants' Motion for Sanctions.

**IT IS THEREFORE ORDERED** granting Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1) and Rule 12(b)(6), F.R.C.P. (Doc. 7).

**IT IS FURTHER ORDERED** denying Defendants' Motion for Sanctions Pursuant to Rule 11 and A.R.S. § 12-349 (Doc. 13).

**IT IS FURTHER ORDERED** denying Plaintiff's Rule 56(d) Motion for leave to conduct discovery (Doc. 16).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to File Second Amended Complaint ("SAC") (Doc. 21).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter final judgment dismissing this case for lack of subject matter jurisdiction and close this case.

Dated this 21st day of May, 2020.

Honorable John J. Tuchi
United States District Judge